## FOWLER, LEE & CO. *v.* HOWELL GANO, ETC.

**Carriers—Insurer of Goods.**
 A common carrier is an insurer of the goods transported by it, while a warehouseman is liable only for want of ordinary care.

**Judgment—Persons Included.**
 A judgment against three parties, where the record only shows that two of them have any interest in the controversy, is erroneous.

**Pleading—Amendment After Reversal and Remand.**
 Plaintiffs were held entitled, upon reversal and remand of the case, to amend their petition to conform to the facts established by the evidence.

### APPEAL FROM McCRACKEN CIRCUIT COURT.

January 14, 1873.

OPINION BY JUDGE PRYOR:

Upon a careful consideration of the petition it is evident that the appellees were seeking to make appellants liable by reason of their alleged wrongful act in shipping the goods in controversy on the Rapidow No. 1 instead of the Rapidow No. 2, and the court, therefore, very properly overruled appellants' motion, to require the appellees to elect as to the manner in which they should declare against them. The court, however, after overruling the motion, proceeded to render judgment against the appellants, first, as common carriers, and second, as forwarding and commission merchants. It seems to us in either view of the case presented, a judgment should have been rendered dismissing the appellee's action. The appellants, after having placed the goods on board the Rapidow No. 1, had performed their part of the undertaking and were released from all liability as forwarding merchants, and there is no proof whatever that one of the appellants might have any interest in, or was a joint owner of either of the boats, and still a joint judgment is rendered against him and his co-appellant by reason of this alleged ownership. There is a material difference between the liability of a carrier of goods and that of a warehouseman, or forwarding merchant. The former is held to a greater degree of

care than the latter. The one is the insurer of the goods, the other only liable for the want of ordinary care, etc. The goods had been consigned to the steamer, Rapidow No. 2, at Paducah, and placed on board the steamer Hale at Cincinnati to be transported to that point. The delivery was made by the Hale to these appellants, who were forwarding merchants at Paducah and agents for both steamers, Rapidow No. 1, and 2. The Rapidow No. 2, the consignee of the goods, refused to receive them on account of the heavy load that boat was then carrying, and directed the appellants to ship them by the steamer Rapidow No. 1. When this shipment was made their liability terminated. (Stacey on Bailments.) If the Rapidow No. 2 undertook to carry the goods to their place of destination, or as consignee, and being a common carrier placed them on another boat, then the boat on which the goods were placed must be deemed as carrying them for the Rapidow No. 2, and as its agent knew if the goods were lost the liability of the Rapidow No. 2 or its owners must be determined by the law applicable to carriers of freight upon the principle that common carriers are liable for the acts of their agents and those in their employ. This action, however, is not instituted against the appellants as carriers, and even if the complaint had been made in that way the judgment against three of the parties on this implied undertaking is erroneous when the record shows that only two of them have an interest in the boats. Whether these two appellants, Lee and Fowler, or this company to which they belong, are liable to the appellees are questions not proper to determine upon the case as now presented. The appellees can maintain their action, as it appears they not only failed to ship the goods to Curd as directed, but for the additional reason that they have forwarded to Curd a duplicate of the goods alleged to have been lost. These facts should be alleged and Curd made a party to the action. The appellees should be permitted to amend their pleadings. The judgment of the court below is reversed and cause remanded with directions to award the appellants a new trial and for further proceedings consistent with this opinion.

*J. Campbell, for appellants.*

*J. Q. Quigley, for appellees.*